**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

0  Valuation of Security    0  Assumption of Executory Contract or Unexpired Lease    0  Lien Avoidance

**Last revised: August 1, 2020**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:    Case No.: 18-23221-RG

Sonda D. Smith    Judge: Gambardella

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: 09/04/2020

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___ADM___    Initial Debtor: ___SDS___    Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____1,405.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____10/01/2020_____ for approximately _____18_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒   Future earnings

☐   Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

      a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 2,070.00 |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a.  Curing Default and Maintaining Payments on Principal Residence:  ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### b.  Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:  ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Wilmington Trust | 404 E. 41st St | $32,122.67 + $1,231.00 (post-petition arrears) |  | $32,122.67 + $1,231.00 (post-petition arrears) | $1,993.50 |

### c.  Secured claims excluded from 11 U.S.C. 506:  ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Shellpoint Mortgage | 32 Columbus Dr | $280,000.00 | $261,720.89 |
| Wynnefield at Somerset Condo | 32 Columbus Dr | $280,000.00 | $4,000.00 |
| Bank of America | 32 Columbus Dr | $280,000.00 | $49,434.28 |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

### Part 5:   Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than __100_____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1.  A *Certification of Service, Notice of Chapter 13 Plan Transmittal, and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**  ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**  ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:   Other Plan Provisions

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☐   Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Andrew D. Micklin, Esquire
3) Secured Creditors
4) Priority Creditors/Unsecured Creditors

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:   Modification ☐ NONE**

**NOTE: Modification of a plan does not require that a separate motion be filed.  A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Debtors can no longer afford to keep the property located at 32 Columbus Dr. | Surrendering the property located at 32 Columbus Dr.  Debtor is now paying Unsecured Creditors 100% due to excess income on Schedule J. Keeping the plan payment the same, reducing the months remaining. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒ Yes    ☐ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 09/04/2ometer2020 _____         /s/  Sonda D. Smith _____
                                                                                                   Debtor

Date: _____                                _____
                                                                                                   Joint Debtor

Date: 09/04/2020 _____         /s/  Andrew D. Micklin _____
                                                                                                   Attorney for Debtor(s)

```
                        United States Bankruptcy Court
                             District of New Jersey

In re:                                                      Case No. 18-23221-RG
Sonda D Smith                                               Chapter 13
        Debtor                    CERTIFICATE OF NOTICE

District/off: 0312-2      User: admin           Page 1 of 2         Date Rcvd: Sep 08, 2020
                          Form ID: pdf901       Total Noticed: 24


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 10, 2020.
db           +Sonda D Smith,    175 Myrtle Ave,    Passaic, NJ 07055-3138
cr           +BAC BONY (CWABS2004-11),    c/o Stern & Eisenberg, PC,    1040 N. Kings Highway,   Suite 407,
               Cherry Hill, NJ 08034-1925
cr           +Planet Home Lending as servicer for Wilmington Tru,    Friedman Vartolo, LLP,    85 Broad St,
               85 Broad St,    New York, NY 10004-2434
cr           +Planet Home Lending, LLC,    Friedman Vartolo LLP,    85 Broad Street, Suite 501,
               New York, NY 10004-1734
cr           +THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YO,    Phelan Hallinan & Schmieg, PC,
               400 Fellowship Road,    Suite 100,    Mt. Laurel, NJ 08054-3437
cr           +Wynnefield at Somerset Condominium Association, In,    McGovern Legal Services LLC,
               850 Carolier Lane,    North Brunswick, NJ 08902-3312
517743673     BANK OF NEW YORK AS TRUSTEE FOR CWABS 2004-11,    c/o Shellpoint Mortgage Servicing,
               PO Box 10826,    Greenville, SC 29603-0826
517623058    +Bank of America Home Loans,    PO Box 5170,    Simi Valley, CA 93062-5170
517641591    +H & E Federal Credit Union,    201 W Passaic St #304,    Rochelle Park, NJ 07662-3126
517641592    #+KML Law Group, PC,    216 Haddon Ave, Ste 406,    Westmont, NJ 08108-2812
517641593    +Mr. Cooper,    8950 Cypress Waters Blvd,    Coppell, TX 75019-4620
517663550    +Nationstar Mortgage LLC d/b/a Mr. Cooper,    P.O. Box 619096,    Dallas, TX 75261-9096
517623059    +Shellpoint Mortgage Servicing,    75 Beattie Pl #300,    Greenville, SC 29601-2138
517724539     THE BANK OF NEW YORK MELLON ET.AL.,    Bank of America,    PO BOX 31785,   Tampa FL 33631-3785
518439990     The Bank of New York Mellon Trustee (See 410),    c/o NewRez LLC,
               d/b/a Shellpoint Mortgage Servicing,    PO Box 10826,    Greenville, South Carolina 29603-0826
518496247    +Wilmington Trust, National Association, et al.,    c/o Planet Home Lending LLC,
               Friedman Vartolo LLP,    85 Broad Street, Suite 501,    New York, New York 10004-1734
517623060    +Wynnefield at Somerset Condominium Assoc,    Attn: McGovern Legal Services, LLC,
               850 Carolier Ln,    North Brunswick, NJ 08902-3312
517752135    +Wynnefield at Somerset Condominium Association, In,    Amy E. Forman, Esquire,
               McGovern Legal Services, LLC.,    850 Carolier Lane,    North Brunswick, NJ 08902-3312

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           E-mail/Text: usanj.njbankr@usdoj.gov Sep 08 2020 23:39:03     U.S. Attorney,    970 Broad St.,
               Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg          +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 08 2020 23:39:02     United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
               Newark, NJ 07102-5235
517641589    +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 08 2020 23:48:57     Capital One,
               Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
517724779     E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 08 2020 23:48:56
               Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
517740237     E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 08 2020 23:48:26
               Portfolio Recovery Associates, LLC,    c/o UNION PLUS,    POB 41067,   Norfolk VA 23541
517736529    +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Sep 09 2020 00:00:09     Verizon,
               by American InfoSource as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                              TOTAL: 6

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517641588*   +Bank of America Home Loans,    PO Box 5170,    Simi Valley, CA 93062-5170
518949040*   +Bank of America Home Loans,    PO Box 5170,    Simi Valley, CA 93062-5170
517641590*   +Capital One,    Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
517641594*   +Shellpoint Mortgage Servicing,    75 Beattie Pl #300,    Greenville, SC 29601-2138
518949041*   +Shellpoint Mortgage Servicing,    75 Beattie Pl #300,    Greenville, SC 29601-2138
518496248*   +Wilmington Trust, National Association, et al.,    c/o Planet Home Lending LLC,
               Friedman Vartolo LLP,    85 Broad Street, Suite 501,    New York, New York 10004-1734
518949042*   +Wynnefield at Somerset,    Condominium Assoc,    Attn: McGovern Legal Services,   850 Carolier Ln,
               North Brunswick, NJ 08902-3312
517641595*   +Wynnefield at Somerset Condominium Assoc,    Attn: McGovern Legal Services, LLC,
               850 Carolier Ln,    North Brunswick, NJ 08902-3312
                                                                                        TOTALS: 0, * 8, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.
```

```
District/off: 0312-2          User: admin                Page 2 of 2                  Date Rcvd: Sep 08, 2020
                              Form ID: pdf901            Total Noticed: 24
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 10, 2020                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 4, 2020 at the address(es) listed below:
              Amy   Forman     on behalf of Creditor    Wynnefield at Somerset Condominium Association, Inc.
               collections@theassociationlawyers.com
              Andrew   Micklin     on behalf of Debtor Sonda D Smith Andrew@southjerseylawyers.com,
               ardithreeve@comcast.net
              Denise E. Carlon     on behalf of Creditor    Nationstar Mortgage LLC d/b/a Mr. Cooper
               dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
              Jonathan C. Schwalb     on behalf of Creditor    Planet Home Lending, LLC
               bankruptcy@friedmanvartolo.com
              Jonathan C. Schwalb     on behalf of Creditor    Planet Home Lending as servicer for Wilmington
               Trust, National Association not in its individual capacity but solely as Trustee of MFRA Trust
               2015-1 bankruptcy@friedmanvartolo.com
              Marie-Ann   Greenberg     magecf@magtrustee.com
              Marlena S. Diaz-Cobo     on behalf of Creditor    Wynnefield at Somerset Condominium Association,
               Inc. collections@theassociationlawyers.com
              Nicholas V. Rogers     on behalf of Creditor    THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,
               SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A. ET.AL. nj.bkecf@fedphe.com
              Nicole B. LaBletta     on behalf of Creditor    THE BANK OF NEW YORK MELLON et al c/o NewRez LLC
               d/b/a Shellpoint Mortgage Servicing nlabletta@pincuslaw.com, brausch@pincuslaw.com
              Rebecca Ann Solarz     on behalf of Creditor    Nationstar Mortgage LLC d/b/a Mr. Cooper
               rsolarz@kmllawgroup.com
              Scott   Penick     on behalf of Creditor    Wynnefield at Somerset Condominium Association, Inc.
               collections@theassociationlawyers.com
              Sherri Jennifer Smith     on behalf of Creditor    THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW
               YORK, SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A. ET.AL. nj.bkecf@fedphe.com,
               nj.bkecf@fedphe.com
              Steven P. Kelly     on behalf of Creditor    BAC BONY (CWABS2004-11) skelly@sterneisenberg.com,
               bkecf@sterneisenberg.com
              U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov
                                                                                                 TOTAL: 14
```